

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

JARRETT R. NELSON                                                  **PLAINTIFF**

V.                                              CIVIL ACTION NO. 3:17cv905 HSO-LRA

LAUDERDALE COUNTY; LAUDERDALE COUNTY
SHERRIFF'S DEPARTMENT; LAUDERDALE COUNTY
DETENTION CENTER; DOE DEFENDANT 1;
AND DOE DEFENDANTS 2-10                                      **DEFENDANTS**

---

### PLAINTIFF'S ORIGINAL COMPLAINT
### (TRIAL BY JURY REQUESTED)

---

COMES NOW the Plaintiff Jarrett R. Nelson (hereinafter "Plaintiff") by and through

undersigned counsel and pursuant to the laws of the State of Mississippi and the Federal Rules of

Civil Procedure, and files this Complaint against the Defendants Lauderdale County, Lauderdale

County Sherriff's Department, Lauderdale County Detention Center, Doe Defendant 1, and Doe

Defendants 2-10 (collectively hereinafter "Defendants"). In support thereof, Plaintiff would

show unto this Honorable Court the following:

**I.**

**PARTIES**

1.      Plaintiff Jarrett R. Nelson is an adult resident citizen of Lauderdale County,

Mississippi who resides at 1500 44th Avenue, Meridian Mississippi 39307. He may be served

with process of this Court by and through his attorney, whose name and address are provided

below.

2.      Defendant Lauderdale County is a domestic corporation organized under the laws of the State of Mississippi.  Defendant is authorized to do business within this State according to the Secretary of State's Office.  Defendant operates as a Local Government Municipality with a current physical address of 410 Constitution Avenue, 11th Floor; Meridian, Mississippi 39301.  Pursuant to Rule 4(j) of the Federal Rules of Civil Procedure, this Defendant may be served by serving Lauderdale County c/o Joe Norwood, District 4 County Board President,410 Constitution Avenue, 11th Floor; Meridian Mississippi 39301.

3.      Defendant Lauderdale County Sherriff's Department is a domestic corporation organized under the laws of the State of Mississippi.  Defendant is authorized to do business within this State according to the Secretary of State's Office.  Defendant operates as a Public Safety Entity and as a division of the Local Government Municipality with a current physical address of 2001 5th Street, Meridian, Mississippi 39301.  Pursuant to Rule 4(j) of the Federal Rules of Civil Procedure, this Defendant may be served by serving Lauderdale County Sheriff's Department c/o Sheriff William D. Sollie, 2001 5th Street, Meridian, Mississippi 39301.

4.      Defendant Lauderdale County Detention Center is a domestic corporation organized under the laws of the State of Mississippi.  Defendant is authorized to do business within this State according to the Secretary of State's Office.  Defendant operates as a Public Safety Entity and as a division of the Local Government Municipality with a current physical address of 2001 5th Street, Meridian, Mississippi 39301.  Pursuant to Rule 4(j) of the Federal Rules of Civil Procedure, this Defendant may be served by serving Lauderdale County Sheriff's Department c/o Sheriff William D. Sollie, 2001 5th Street, Meridian, Mississippi 39301.

5.      Doe Defendant 1 is the specific agent/employee/servant/security guard of Lauderdale County Detention Center and/ or the Lauderdale County Sherriff's Department

whose identity is currently unknown despite good faith investigative efforts by the undersigned. The actions and/or inactions of Doe Defendant 1 directly caused and/or contributed to the violation of Jarrett Nelson's civil rights. The actions and/or inactions of Doe Defendant 1 directly caused and/or contributed to Jarrett Nelson's injuries. Doe Defendant 1 May be liable for all or part of the acts or omissions committed, which resulted in the injuries sustained by the Plaintiff and in whom Plaintiff may seek recovery of damages.

6.    Doe Defendants 2-10 are other currently unknown individuals, persons, corporate persons or entities who may be liable for all or part of the negligible acts or omissions committed resulting in the subject incidents which involved and resulted in the civil rights violations and injuries sustained by Plaintiff Jarrett R. Nelson., and in whom Plaintiff may seek recovery of damages

## II.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the Constitution, laws, or treaties of the United States, specifically violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, and *et seq*. Additionally, this Honorable Court has jurisdiction to adjudicate the state claims that arose out of the same course of conduct giving rise to the principal claims of the Plaintiff as herein stated. This Court has jurisdiction over both the parties and the subject matter of this suit.

8.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391 inasmuch as a substantial part of the counts giving rise to this claim occurred in Mississippi.

## III.

## NOTICE OF CLAIMS

9.     In correspondence dated April 20, 2016 Plaintiff, by and through counsel caused

to be filed and delivered by certified U.S. mail to  Lauderdale County Detention Center and

Lauderdale County Sherriff's Department, Attn: William D. Sollie, Sherriff, Mr. Ward Calhoun,

Chief Deputy, and Ms. Laurie Robinson, Jail Administrator at 2001 5th Street, Meridian,

Mississippi 39301 and  Lauderdale County, Mississippi, Attn: Jonathan Wells, Supervisor

District 1; Wayman Newell, Supervisor District 2; Josh Todd, Supervisor District 3; Joe

Norwood, Supervisor District 4; and Kyle Rutledge, Supervisor District 5, at 410 Constitution

Avenue 11th Floor, Meridian, Mississippi 39301, a notice of claim letter regarding the act(s)

and/or omission(s) set forth herein.  42 U.S.C. § 1983, 42 U.S.C. § 1985, Miss. Code Ann. § 11-

46-11 and any and all other applicable state or federal statute(s) or constitutional provision(s),

and/or any applicable state or federal common law cause(s) of action.  A copy of this letter and

certified returns of service are incorporated herein by reference and attached as "Exhibit A." To

date, none of the recipients have responded in writing.  Plaintiff submits that this notice of claims

letter has been on file and these Defendants on notice at least One-Hundred and Twenty (120)

days prior to filing this instant suit.

## IV.

## FACTS

10.    On or about March 17, 2015, Plaintiff Jarrett R. Nelson entered the Lauderdale

County Detention Center for an alleged crime committed in Lauderdale County, Mississippi.

11.    Upon information and belief Plaintiff Jarrett Nelson was sentenced to complete

his incarceration at Lauderdale County Detention Center.

12.     At all relevant times, Jarrett R. Nelson was lawfully on the premises as an inmate of Lauderdale County Detention Center and was in compliance with the laws of the State of Mississippi.

13.     On or about March 17, 2016 Plaintiff Jarrett R. Nelson, while being detained at the Lauderdale County Detention Center, was violently attacked and assaulted by at least ten (10) inmates. Plaintiff Jarrett R. Nelson incurred several, serious injuries before the Doe Defendant 1 and/or Doe Defendants 2-10 entered the cell. As a result of the violent attack, Plaintiff Jarrett R. Nelson was taken to the local hospital to receive medical attention.

14.     As a result of his injuries, Plaintiff Jarrett R. Nelson sustained broken back, concussions, broken ribs, head contusions, and lacerations; traumatic lumbar injury and other soft tissue injuries to his body. To date, Plaintiff Jarrett R. Nelson continues to experience significant swelling, inflammation and pain. Additionally, the psychological impact is untold.

15.     Upon information and belief, the Lauderdale County Detention Center is a holding facility for inmates and operated by the Lauderdale County Sheriff Department.

16.     Upon information and belief on the day of the incident, Plaintiff Jarrett Nelson was in a part of the detention center facility known to be a common area where inmates gathered in plain view of on duty officers.

17.     Upon information and belief the Defendant, Lauderdale County Detention Center has a history of numerous disturbances that have occurred in the common area where Plaintiff Jarrett Nelson was violently attacked and assaulted. Upon information and belief the Defendant Lauderdale County Detention Center has a history of being understaffed, overcrowded and routinely failing to provide adequate inmate supervision.

18.     Defendant Lauderdale County Sheriff Department oversees the Defendant Lauderdale County Detention Center.  Defendants' general duties of care include maintaining a safe, secure, and humane environment for the custody of confined individuals in accordance with both state and local statutes.

19.     The act(s) and/or omission(s) of Defendants Lauderdale County, Lauderdale County Sheriff Department, Lauderdale County Detention Center, Doe Defendant 1 and Doe Defendants 2-10(including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.) had affirmative duties to protect and safeguard Plaintiff, Jarrett Nelson from assault, attacks and batteries caused by other inmates.

20.     The act(s) and/or omission(s) of Defendants Lauderdale County, Lauderdale County Sheriff Department, Lauderdale County Detention Center, Doe Defendant 1 and Doe Defendants 2-10 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.) caused and/or contributed to the injuries sustained by Plaintiff Jarrett Nelson.

21.     Defendants Lauderdale County, Lauderdale County Sheriff Department, Lauderdale County Detention Center, Doe Defendant 1 and Doe Defendants 2-10(including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.) breached the standard of care owed to Plaintiff Jarrett Nelson.

22.     Upon information and belief, the injuries and damages sustained by the Plaintiff, Jarrett R. Nelson, occurred in whole or in part as the result of inmate –on-inmate assaults. The employees and agents of Defendants Lauderdale County; Lauderdale County Sherriff's

Department;, Lauderdale County Detention Center; Doe Defendant 1; and Doe Defendants 2-10 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.) had affirmative duties to protect and safeguard Plaintiff Jarrett R. Nelson from assault, attacks and batteries caused by other inmates.

23.    At all relevant times, Defendants Lauderdale County and Lauderdale County Sherriff's Department were in charge of the daily operations of the Lauderdale County Detention Center.  It was Defendants Lauderdale County and Lauderdale County Sherriff's Department duty to make the facility was reasonably safe, to inspect the facility for dangerous conditions and to ensure that order was maintained in the facility.  Defendants failed to do what a reasonable, prudent entity would have done in the same or similar circumstances.  The actions and/or inactions of these Defendants proximately caused the Plaintiff's injuries and damages.

24.    At all relevant times, Doe Defendant 1 was the individual, company or entity who responsible for the care, protection and safeguard of all inmates from assault, attacks, and batteries caused by other inmates; to make reasonable efforts to keep inmates safe, to avoid actively harming inmates, to prevent injustice and abuse and to obey the laws of the State of Mississippi and the United States of America.

25.    At all relevant times, Doe Defendants 2-10 were the individuals, companies or entities whose responsibility it was to insure that order was maintained, the inmates in the cell were behaving properly and that no conditions existed that could possible create a disturbance of a great magnitude.  Doe Defendants 2-10 failed to do what reasonable, prudent individuals, companies or entities would have done in the same or similar circumstances.  Upon information and belief Doe Defendants 2-10 were in the course and scope of employment with and acted in

furtherance of the interests of Defendants Lauderdale County; Lauderdale County Sherriff's Department; Lauderdale County Detention Center; and Doe Defendant 1 and/or was an apparent agent acting within his/her actual or apparent authority of Defendants Lauderdale County; Lauderdale County Sherriff's Department; Lauderdale County Detention Center; and Doe Defendant 1, therefore, these Defendants are liable for the negligence of its employee(s)/statutory employee(s)/agent(s) in failing to keep proper watch over the inmate cells, allowing inmates to become unruly and not immediately entering the cell where the incident escalated. The actions and/or inactions of these Defendants proximately caused the Plaintiff's injuries and damages.

26.     As a result of the incident in question, Plaintiff also sustained economic damages, including but not limited to medical bills, prescription drug costs, travel costs to hospitals, doctors and physical therapy, and others. Plaintiff also sustained physical injuries; physical, conscience pain and suffering associated with these injuries; individual loss of wages; loss of enjoyment of life; hedonic damages; loss of credit worthiness; and others.

27.     Plaintiff has suffered and will continue to suffer great physical pain, severe emotional distress, psychological distress, mental anguish, loss of enjoyment of life and other damages more specifically set for below as a result of this incident.

28.     As a result of the Defendants' act(s) and/or omission(s), Plaintiff has sustained, and will likely continue to sustain economic as well as non-economic damages.

V.

**VIOLATIONS OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983**
**(GENERAL ALLEGATIONS)**

29.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

30.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the Constitution of the United States including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of life without due process of law; and c) the right not to be deprived of liberty without due process of law.

31.     In violating Plaintiff's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law to set into motion a chain of events leading to the assault by inmates on Plaintiff Jarrett R. Nelson.  The acts and/or omissions of the Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

32.     As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

33.     The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

34.     The act(s) and/or omission(s) of these Defendants give rise to the claims asserted herein by the Plaintiff

## VI.

### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983
### (FAILURE TO IMPLEMENT APPROPRIATE POLICIES, CUSTOMS AND PRACTICES)

35.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

36.     The employees and agents of Defendants Lauderdale County; Lauderdale County Sherriff's Department;, Lauderdale County Detention Center; Doe Defendant 1; and Doe Defendants 2-10 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc. ) implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, purposefully understaffing facilities, the willful ignorance as to inmate and concerned family member complaints about facility conditions and lack of care, the blatant failure to provide adequate inmate supervision, and the obvious disregard to inmate safety.

37.     The failure of all Defendants to adequately train and supervise their employees, agents and security personnel amount to deliberate indifference to the rights of the Plaintiff to be free from unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

38.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of life without due process of law; and c) the right not to be deprived of liberty without due process of law.

## VII.

### CLAIMS FOR RELIEF

### COUNT I – NEGLIGENCE AND NEGLIGENCE PER SE

39.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

40.     At the time and on the occasion in question, Defendants individually, jointly, and severally, possessed a duty or ordinary care to while operating a prison facility in Mississippi.

41.     Specifically, all Defendants owed a duty to the inmates entrusted to their care to maintain their safety, health and well-being, both physical and psychological. Further, the Defendants' act(s) and/or omission(s) proximately caused the Plaintiff's injuries.

42.     As a result of the act(s) and/or omission(s) of the Defendants, Plaintiff sustained injuries, losses and damages.

43.     The duty owed by all Defendants to the Plaintiff, to use reasonable and/or ordinary care in operating a prison facility, included but was not limited to affirmative duties to protect and safeguard inmates from assault, attacks and batteries caused by guards, employees, agents, or other inmates, to make reasonable efforts to keep inmates safe, to avoid actively harming inmates, to prevent injustice and abuse, to obey the laws of the State of Mississippi and the United States of America, to implement adequate and appropriate policies and procedures for the operation of the facility and to prevent abusive and illegal practices.

44.     The employees and agents of Defendants Lauderdale County; Lauderdale County Sherriff's Department;, Lauderdale County Detention Center; Doe Defendant 1; and Doe Defendants 2-10 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and

etc. ) individually, jointly, and severally, were negligent in the following particulars, including but not limited to:

i.      failing to prevent the attack on Jarrett R. Nelson

ii.     encouraging the attack on Jarrett R. Nelson;

iii.    failing to prevent Jarrett R. Nelson's assault.

iv.     purposefully understaffing the Lauderdale County Detention Center;

v.      willfully ignoring inmate and concerned family member complaints about facility conditions and lack of care at the Lauderdale County Detention Center;

vi.     engaging in conduct to likely to cause psychological and emotional harm to Plaintiff, Jarrett Nelson;

vii.    failing to supervise the conduct of its inmates and security personnel;

viii.   and other acts of negligence as will be more fully shown at trial.

45.     The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the Defendants Lauderdale County; Lauderdale County Sherriff's Department; Lauderdale County Detention Center; Doe Defendant 1; and Doe Defendants 2-10 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.), individually, jointly, and severally, resulted in the Plaintiff's damages.

46.     At the time and on the occasion in question, Doe Defendants 2-10 are individuals, persons, corporate persons and/or business entities, the identities of which are currently unknown to the Plaintiff. Upon information and belief these unknown individuals or

entities, in addition to the named Defendants, were present at the scene where Plaintiff, Jarrett. R. Nelson was assaulted , or were a contributing cause of the incidents and the resulting personal injuries to the Plaintiff, or were engaged and/or had been engaged in certain operations at the scene of the incidents described herein, which otherwise caused and/or contributed to the incident.

47.     As a result of these aforesaid acts, Plaintiff suffered and continues to suffer severe losses, damages and irreparable injuries.

## VIII.

### GROSS NEGLIGENCE

48.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

49.     The actions of the Defendants Lauderdale County; Lauderdale County Sherriff's Department;, Lauderdale County Detention Center; Doe Defendant 1; and Doe Defendants 2-10 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc. ) individually, jointly, and severally, when viewed objectively was willful, wanton, reckless, malicious and involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff.

50.     Defendants had actual, subjective awareness of the risk, but nevertheless preceded with conscious indifference to the rights, safety or welfare of Plaintiff herein and as such constitutes gross negligence (malice) as the term is defined under Mississippi law.  As a result, Plaintiff is entitled to the recovery of punitive damages.

## IX.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

51.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

52.     The act(s) and/or omission(s) of the Defendants Lauderdale County; Lauderdale County Sherriff's Department; Lauderdale County Detention Center; Doe Defendant 1; and Doe Defendants 2-10 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.), on the dates and times in question caused Plaintiffs severe emotional distress through their negligent conduct.

53.     The negligent conduct perpetrated upon Plaintiff Jarrett Nelson was awful, traumatic, and disturbing events, which have caused the Plaintiff to suffer serious emotional anguish.

54.     At all relevant times, the Plaintiff was in the zone of danger as a result of the act(s) and/or omission(s) of the Defendants.

55.     The act(s) and/or omission(s) of the aforementioned Defendants constitute a negligent infliction of emotional distress as defined under Mississippi law, and were each a proximate cause of the injuries of the Plaintiffs as well as the damages and losses sustained by the Plaintiff.

## X.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

56.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

57.     The acts and conduct of all Defendants herein, by and through their employee-agents and described herein, were done willfully, maliciously, deliberately, and purposely with the intention to inflict emotional distress upon the Plaintiff.  Such acts were extreme, outrageous and done in reckless disregard of the probability of causing the Plaintiff emotional distress.  These acts did in fact result in severe and extreme emotional distress to the Plaintiff.

58.     The Defendants had a responsibility to oversee and control the conduct of their employees, specifically a duty to act upon complaints such as the ones detailed herein. Defendants breached their duty through their repeated failures to act upon such complaints.

59.     As a direct and proximate result of the Defendants' acts alleged herein, the Plaintiff was caused to incur severe and grievous mental and emotional suffering, fright, anguish, shock, fear, nervousness, and anxiety.  The Plaintiff continues to suffer the emotional effects of being subjected to the incidents detailed herein.

60.     The above act(s) and/or omission(s) constitute intentional infliction of emotional distress under Mississippi law and were each a proximate cause of the injuries and damages sustained by the Plaintiff.

## XI.

## BREACH OF A NON-DELEGABLE FIDUCIARY DUTY

61.     Plaintiff re-alleges and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

62.     The failure and/or refusal of Defendants Lauderdale County; Lauderdale County Sherriff's Department; Lauderdale County Detention Center; Doe Defendant 1; and Doe Defendants 2-10 (including employees of the aforementioned facilities in their official

capacities as well as other unknown entities, businesses, parent companies/corporations, and

etc.) to prevent the assault of Plaintiff Jarrett R. Nelson, at a time when the same was

absolutely essential, constituted a breach of a non-delegable and/or fiduciary duty owed to

Plaintiff.

63.     Pursuant to Miss. Code Ann. § 11-1-65, inasmuch as the conduct of the

Defendants constitutes willful, wanton, egregious and reckless conduct, an award of punitive

damages is appropriate and necessary under these facts.

## XII.

## **RESPONDEAT SUPERIOR**

64.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this

Complaint as if set forth herein in their entirety.

65.     Doe Defendant 1; and Doe Defendants 2-10 (including employees of the

aforementioned facilities in their official capacities as well as other unknown entities,

businesses, parent companies/corporations, and etc.) were in the course and scope of their

employment with Defendants Lauderdale County; Lauderdale County Sherriff 's Department;

Lauderdale County Detention Center; and/or Doe Defendants 2-10 (including employees of the

aforementioned facilities in their official capacities as well as other unknown entities,

businesses, parent companies/corporations, and etc.), at all relevant times immediately

subsequent and preceding the incidents in question.

66.     Therefore, Defendants Lauderdale County; Lauderdale County Sherriff's

Department; Lauderdale County Detention Center; and/or Doe Defendants 2-10 (including

employees of the aforementioned facilities in their official capacities as well as other unknown

entities, businesses, parent companies/corporations, and etc.) are liable for the negligence of

their employee(s) Doe Defendant 1; and Doe Defendants 2-10 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.).

### XIII.

### NEGLIGENT HIRING, RETENTION, SUPERVISION, TRAINING AND/OR CONTROL

67.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

68.     At the time and on the occasion in question, Defendants Doe Defendant 1; and Doe Defendants 2-10 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.) were in the course and scope of their employment with Defendants Lauderdale County; Lauderdale County Sherriff's Department; Lauderdale County Detention Center; and/or Doe Defendants 2-10 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.).

69.     Further, Defendants Lauderdale County; Lauderdale County Sherriff's Department; Lauderdale County Detention Center and/or Doe Defendants 2-10 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.), were negligent in hiring, retaining, supervising and/or controlling their employees, servants, and/or agents, including but not limited to Defendants Doe Defendant 1; and Doe Defendants 2-10 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.).

70.     The aforementioned Defendants are (and at the time of the assault of Plaintiff

Jarrett R. Nelson) were tasked with the non-delegable duty and responsibility to formulate,

oversee and implement official policies, procedures, practices and customs that were to be

carried out by the employee(s) and/or security personnel while employed with the Lauderdale

County Detention Center.

71.     As a direct and proximate consequence of the aforementioned Defendants'

failure to properly develop, implement and otherwise devise a policy of adequate employee

and/or security training and/or supervision for its employees and/or security personnel, the

Plaintiff was deprived of certain constitutional rights, privileges and immunities which, if

properly trained and supervised, every employee and/or security personnel within the employ

of the Defendants would have known of the illegality of the Defendants' conduct on the date in

question and Plaintiff's injuries, and the corresponding deprivation of civil rights, privileges

and immunities would not have happened.

## XIV.

## CIVIL ASSAULT

72.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this

Complaint as if set forth herein in their entirety.

73.     The actions of Defendants Lauderdale County; Lauderdale County Sherriff's

Department; Lauderdale County Detention Center; Doe Defendant 1; and Doe Defendants 2-10

(including employees of the aforementioned facilities in their official capacities as well as

other unknown entities, businesses, parent companies/corporations, and etc.) establish that a

civil assault was committed against Plaintiff Jarrett Nelson.

74.     At all relevant times prior to the beating, Plaintiff Jarrett Nelson was in reasonable apprehension of imminent harmful or offensive contact.

75.     The above act(s) and/or omission(s) constitute civil assault and were each a proximate cause of the injuries to Plaintiffs as well as the damages and losses sustained by the Plaintiffs.

## XV.

## RES IPSA LOQUITUR

76.     Plaintiff re-alleges and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

77.     The act(s) and/or omission(s) of the Defendants Lauderdale County; Lauderdale County Sherriff's Department; Lauderdale County Detention Center; Doe Defendant 1; and Doe Defendants 2-10 (including employees of the aforementioned facilities in their official capacities as well as other unknown entities, businesses, parent companies/corporations, and etc.), under the present set of circumstances, provide an inference of negligence of the part of these Defendants, either individually or collectively, so as to establish a prima facie case.  The mere occurrence of this incident and the resulting injury, taken with the surrounding circumstances, should allow for an inference of negligence against these Defendants.

78.     At all pertinent times, Defendants were in sole and complete control of the agents, employees and/or inmates which became the instrumentality causing the resulting injuries of the Plaintiff.  Defendants negligently, if not intentionally, failed to exercise the power necessary to avert such injuries by insuring that the proper operation was maintained and adequate safety measures were in place to avoid the resulting injuries.

79.     Defendants were presented with an available opportunity to avoid the resulting incidents. Defendants failed to exercise such control over their agents, employees and/or inmates so as to prevent the injuries of the Plaintiff.

80.     The duty of care owed to the Plaintiff was therefore breached by the Defendants.

81.     The nature of the events described herein is of the type that does not ordinarily occur in the absence of negligence.

82.     The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of these Defendants proximately caused the damages and injuries sustained by the Plaintiffs.

## XVI.

## <u>DAMAGES</u>

83.     As a direct and proximate result of the conduct of all Defendants, Plaintiff has suffered and will continue to suffer damages in an amount in excess of the minimum jurisdictional limits of the Court as set forth herein, directly attributable to the occurrence made the basis of this lawsuit and directly attributable to their injuries and the harm they have sustained.

84.     Plaintiff requests an award of all kinds of economic, non-economic, actual, compensatory, incidental and consequential damages available to them under the law.

85.     Plaintiff has suffered out-of-pocket expenses which include attorneys' fees, costs of court and other expenses. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages as shall be proven at the time of trial, including exemplary, enhanced and trebled damages. Plaintiff seeks pre-judgment interest at a rate commensurate

with the actual rate of interest in the marketplace or, alternatively, a statutory rate of interest because of the delay in receiving the damages and also to avoid unjust enrichment to Defendants.  Plaintiff also seek post-judgment interest at the maximum rate allowed by law.

86.    The amount of total damages suffered by Plaintiff is significant and continuing in nature.

## XVII.

## PUNITIVE / EXEMPLARY DAMAGES

87.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

88.    Pursuant to Miss. Code Ann. § 11-1-65, inasmuch as the conduct of the Defendants constitutes willful, wanton, egregious and reckless conduct, an award of punitive damages is appropriate and necessary under these facts.

## XVIII.

## RIGHT TO AMEND PURSUANT TO FED. R. CIV. P. 15

89.    Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff reserves the right to name additional defendants should later facts establish that others are liable herein.

## XIX.

## JURY TRIAL DEMANDED

90.    Plaintiff demands a jury trial.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon final trial hereof she be entitled to take, have and recover, of and from said Defendants the above damages, including economic, non-economic, actual, compensatory, punitive, pre-judgment interest, post-

judgment interest, costs of Court, and for such other and further relief to which he may show himself to be justly entitled.

Respectfully submitted, this the _15th_ day of November, 2017.

**JARRETT R. NELSON**

By: _Warren L. Martin_
Warren L. Martin, Jr.

**Of Counsel:**
Warren L. Martin, Jr. (MSB # 101528)
**WARREN L. MARTIN, JR., PA**
351 Edgewood Terrace Dr.
Jackson, MS 39206
Post Office Box 1870
Jackson, Mississippi 39215
Phone:  (769) 257-6052
Fax: (769) 257-6596
Email: warren_martin_jr_@hotmail.com